**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000579**
**23-DEC-2024**
**08:11 AM**
**Dkt. 81 SO**

NO. CAAP-21-0000579
(CONSOLIDATED WITH NO. CAAP-21-0000695)

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


DEUTSCHE BANK NATIONAL TRUST COMPANY, a New York
Company, as Trustee for PFCA HOME EQUITY
INVESTMENT TRUST CERTIFICATES, SERIES 2002-IFC1,
Plaintiff-Appellee, v. STL HOLDING INC.,
Defendant-Appellant, and PERRY ARTHUR ROWE, also
known as PERRY A. ROWE, Individually and as
Co-Trustee of that certain unrecorded ROWE FAMILY
REVOCABLE LIVING TRUST DATED JULY 28, 1994; RENEE
N.F. ROWE, also known as RENEE N. ROWE,
Individually and as Co-Trustee of that certain
unrecorded ROWE FAMILY REVOCABLE LIVING TRUST
DATED JULY 28, 1994; DUFFY HERMAN; TRICIA MORRIS;
ANTOINETTE POLANCY; MAYLA MAKANA; KAI MALU WAILEA
LLC; WAILEA KIALOA HOMESITES ASSOCIATION; AMERICAN
SAVINGS BANK, F.S.B.; OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY; CENTRAL PACIFIC BANK; FINANCE
FACTORS, LIMITED; BANK OF HAWAII; BRUCE H. ERFER
and LYNN N. ERFER, Individually and as Trustees of
the ERFER FAMILY TRUST, AN AGREEMENT DATED
FEBRUARY 2, 2001; JENNIFER WELCH; WELLS FARGO
BANK, N.A.; MAUI COLLECTION SERVICE, INC.;
DIRECTOR, DEPARTMENT OF TAXATION, STATE OF HAWAII;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;
JOHN DOES 1-10; UNITED STATES OF AMERICA,
Department of the Treasury, Internal Revenue
Service; MTGLQ INVESTORS, LP; THOMAS SEIDL; JANE
DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS
1-10; DOE ENTITIES 1-10 and DOE GOVERNMENTAL UNITS
1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 2CCV-21-0000185)

<u>SUMMARY DISPOSITION ORDER</u>
(By: Wadsworth, Presiding Judge, and Nakasone and McCullen, JJ.)

Defendant-Appellant/Cross-Appellee STL Holding Inc.
(**STL**) appeals, and Plaintiff-Appellee/Cross-Appellant Deutsche
Bank National Trust Company, a New York Company, as Trustee for
PFCA Home Equity Investment Trust Certificates, Series 2002-IFC1
(**Deutsche Bank**) cross-appeals, from the Final Judgment
(**Judgment**), entered on October 21, 2021, in the Circuit Court of
the Second Circuit (**Circuit Court**).[1/]  STL and Deutsche Bank also
challenge certain aspects of the Circuit Court's October 21, 2021
"Findings of Fact, Conclusions of Law and Order Granting . . .
STL['s] . . . Motion to Dismiss Complaint" (**FOFs/COLs**).

On June 24, 2021, Deutsche Bank filed a complaint for
mortgage foreclosure against Defendants Perry Arthur Rowe and
Renee N.F. Rowe, individually and as co-trustees of certain
trusts, as well as various other defendants, including STL.  On
October 21, 2021, the Circuit Court granted STL's motion to
dismiss the complaint pursuant to Hawaiʻi Rules of Civil
Procedure (**HRCP**) Rule 12(b)(6).  In COL 31, the Circuit Court
concluded that Deutsche Bank "lacks standing to foreclose on the
Subject Property until the requisite conditions set forth in the
Note and Mortgage are met, including providing proper notice of
default and an opportunity for the Borrower to cure[.]"  In the
order that followed the COLs, the Circuit Court stated:

> 53)   The Complaint is dismissed with prejudice;
>
> 54)   [Deutsche] Bank may cure the deficiencies
> asserted in [STL's] Motion to Dismiss in the future and
> amend the Complaint[.]

On appeal, STL contends that the Circuit Court erred in
ruling that Deutsche Bank could amend the complaint, "because a
complaint that is dismissed <u>with</u> prejudice cannot be amended."
On cross-appeal, Deutsche Bank contends that the Circuit Court
erred in dismissing the complaint with prejudice, because such a
dismissal is inconsistent with the court's ruling that the defect
in the pleading could be cured.  Deutsche Bank argues that the

---

[1/]  The Honorable Peter T. Cahill presided.

Circuit Court should have granted leave to amend or "at most" dismissed the complaint without prejudice.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve the parties' contentions as follows.

We review the circuit court's dismissal of the complaint *de novo* under the following familiar standard:

> [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. The appellate court must therefore view a plaintiff's complaint in a light most favorable to him or her in order to determine whether the allegations contained therein could warrant relief under any alternative theory. For this reason, in reviewing a circuit court's order dismissing a complaint the appellate court's consideration is strictly limited to the allegations of the complaint, and the appellate court must deem those allegations to be true.

Bank of Am., N.A. v. Reyes-Toledo, 143 Hawaiʻi 249, 256, 428 P.3d 761, 768 (2018) (ellipsis omitted) (quoting Kealoha v. Machado, 131 Hawaiʻi 62, 74, 315 P.3d 213, 225 (2013)).

Here, the Circuit Court appears to have dismissed the complaint with prejudice because the court viewed Deutsche Bank's failure to properly plead standing as "jurisdictional." At the September 15, 2021 hearing on the motion to dismiss, the following discussion occurred:

> [COUNSEL FOR STL]: The law is clear when it comes to jurisdiction that the dismissal must be with prejudice. But I understand the Court's --
>
> THE COURT: Yeah. No, no. I -- you're correct. It's jurisdictional, so this action against this defendant at this time is dismissed with prejudice because you can't cure that defect at this point under Reyes-Toledo. It doesn't mean that you can't cure it at some point in the future and potentially amend the complaint and bring them back in . . . .
>
> . . . .
>
> Nothing that I'm putting in this decision, however, is in any way to be construed that the -- that the plaintiff cannot attempt to cure the basis for the dismissal in this case.

To the extent the Circuit Court determined that the failure to properly plead standing deprived it of subject matter

jurisdiction, the court erred. "In Hawaiʻi state courts, standing is a prudential consideration regarding the 'proper — and properly limited — role of courts in a democratic society' and is not an issue of subject matter jurisdiction . . . ." Tax Found. of Haw. v. State, 144 Hawaiʻi 175, 188, 439 P.3d 127, 140 (2019) (citing Life of the Land v. Land Use Comm. of Hawaii, 63 Haw. 166, 172, 623 P.2d 431, 438 (1981)). Accordingly, Deutsche Bank's failure to establish its standing in the complaint was not a jurisdictional defect, much less one that required dismissal with prejudice.

Moreover, the Circuit Court expressly determined in the FOFs/COLs that the defect in Deutsche Bank's complaint could be cured by amendment. In particular, the court stated at the September 15, 2021 hearing: "The notice is faulty. It was served upon estates. Although the note itself does say[] it can be served on a property, there's no one there to receive it, and merely sending out a notice, where the bank knows or the servicer knows these people are deceased -- it has a process by which it can cure that, and there is -- there's nothing that would prevent them from doing that now."

In these circumstances, it does not appear beyond doubt that Deutsche Bank can prove no set of facts in support of its foreclosure claim that would entitle it to relief. STL argues that because the complaint was predicated upon defective notices of default, any amendment to the complaint would be futile. This argument ignores the Circuit Court's sensible observation that the defective notices could themselves be cured, so as to allow for a curative amendment to the complaint. Dismissal with prejudice in these circumstances, which would operate as an adjudication upon the merits of Deutsche Bank's complaint, see HRCP Rule 42(b)(3), was inconsistent with permitting a potentially curative amendment, and was thus error. On remand, the Circuit Court is instructed to enter a dismissal of the complaint without prejudice so that a motion for leave to amend the complaint may be filed.

For the reasons discussed above, we vacate the Judgment and the FOFs/COLs, both entered on October 21, 2021, in the

Circuit Court of the Second Circuit, to the extent they dismissed the June 24, 2021 complaint with prejudice, and affirm in all other respects.  The case is remanded to the Circuit Court for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, December 23, 2024.

On the briefs:

Matson Kelley
(Kelley & Wilkins)
for Defendant-Appellant/Cross-
Appellee

Peter Knapman
(The Law Offices of Peter
Knapman)
for Plaintiff-Appellee/Cross-
Appellant.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge